## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Keshia Hunter,

                    Plaintiff,

v.

Commissioner of Social Security,

                    Defendant.

Case No. 20-11388

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

_____/

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [21], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [18]

On January 14, 2022, Magistrate Judge Kimberly G. Altman issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion for summary judgment (ECF No. 15), grant Defendant's motion for summary judgment (ECF No. 18), and affirm the Commissioner's decision to deny Plaintiff benefits under the Social Security Act.  (ECF No. 21.)

On January 28, 2022, Plaintiff filed two timely objections to the R&R under Federal Rule of Civil Procedure 72(b)(2) and Eastern District

of Michigan Local Rule 72(d). (ECF No. 22.) On February 11, 2022, Defendant filed a timely reply to the objections. (ECF No. 23.)

For the reasons set forth below, Plaintiff's objections are overruled and the R&R is adopted. Accordingly, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

## I.      Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and found it to be accurate and thorough.  (ECF No. 21, PageID.1352–1362.)

## II.      Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893

2

F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, Plaintiff's objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F. 3d at 346.

The Supreme Court articulated the standard the district court must apply when conducting its *de novo* review. In *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), the Court explained that the phrase "substantial evidence" is a "term of art." *Id*. (internal citations omitted). "Under the substantial-evidence standard, a court looks to an existing

3

administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (internal citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (internal citations omitted). Specifically, "[i]t means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted).

On review, the Court is to "accord the ALJ's determinations of credibility great weight and deference." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 at 476 (6th Cir. 2003). "[I]f substantial evidence supports the ALJ's decision, [this Court] defer[s] to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## III.   Analysis

### A. Objection No. 1

Plaintiff first argues that the R&R incorrectly found that Plaintiff was not entitled to a remand under either *Drummond v. Comm'r of Soc.*

*Sec.*, 126 F.3d 837 (6th Cir. 1997) or *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). (ECF No. 22, PageID.1377–1385.)

As comprehensively outlined in the R&R (ECF No. 21, PageID.1365–1368), *Drummond* was previously the leading case in the Sixth Circuit on res judicata principles in the context of Social Security Administration decisions. *Drummond* held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." 126 F.3d at 842. *Earley* clarified the holding in *Drummond*, indicating that res judicata does not "prevent the agency from giving a fresh look to a new application [1] containing new evidence or [2] satisfying a new regulatory threshold that covers a new period of alleged disability while being mindful of past rulings and the record in prior proceedings." *Earley*, 893 F.3d at 931. However, *Earley* also emphasized that an ALJ can consider a past ALJ's findings: "[I]t is fair for an [ALJ] to take the view that, absent new and additional evidence, the first [ALJ's] findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Id.* at 933.

The interplay between *Drummond* and *Earley* matters to Plaintiff's application because Plaintiff filed an application for benefits in conjunction with a past claim, and ultimately received a prior ALJ decision in September of 2014. (*See* ECF No. 22, PageID.1377.) At that time, ALJ David F. Neumann found that Plaintiff was able to perform no more than "sedentary" work as defined in 20 C.F.R. § 404.1567(a) and 416.967(a), with other restrictions (e.g., requiring a cane for ambulation). (*See id.*; *see also* ECF No. 13-3, PageID.161.) However, because Plaintiff was 48 years old at the time of her onset date for that prior application, these limitations did not result in a disability finding at the time of ALJ Neumann's 2014 determination. (*Id.*) Plaintiff reapplied for benefits in 2017 and requested that the Agency consider her disabled as of April 14, 2016—her 50th birthday, which thus qualified Plaintiff for a changed age category as compared to the 2014 decision. (ECF No. 22, PageID.1378.) Her new age category and a continued RFC finding for sedentary work would have allowed for a disability finding. However, when ALJ Roy E. LaRoche Jr. reviewed Plaintiff's 2017 application, he found new and material evidence demonstrating that Plaintiff's conditions had improved enough that she could now perform "light work" as defined in 20 C.F.R. §

6

404.1567(b). (*Id.*; *see also* ECF No. 13-2, PageID.69–73). As a result, Plaintiff was not found to be disabled.

Plaintiff argues that the Magistrate Judge erred by misapplying the principles enunciated in *Earley*, permitting a ruling by ALJ LaRoche that effectively disregarded the prior administrative ruling by ALJ Neumann. (ECF No. 22, PageID.1377–1385.) Specifically, Plaintiff contends that the Magistrate Judge erred by "fail[ing] to wrestle with the full nuance of [*Earley*,]" "ignoring" *Earley*'s indication that a "fresh review" is not equivalent to a "blind" review and that such a review "must still take into account the res judicata principles set out in *Drummond*." (ECF No. 22, PageID.1385.) While Plaintiff admits that the Magistrate Judge was correct in finding that ALJ LaRoche was permitted to take a fresh look at the new evidence regarding Plaintiff's RFC, Plaintiff contends that the Magistrate Judge improperly found "that *Earley* renders an entirely new RFC determination within the 'zone of choice' of the ALJ, without giving any further consideration to whether the ALJ truly adhered to the 'principles' of res judicata[.]" (*Id.* at PageID.1384.)

Plaintiff further urges the Court to "consider the distinction between the facts in *Earley* and those in this case, which much more

closely mirrors the facts in *Drummond*." (*Id*. at PageID.1379.) Because Plaintiff's case is factually analogous to *Drummond* and represents what *Earley* termed a "black swan" (i.e., "the unusual situation in which the individual wanted the [ALJ] to make the same finding on one issue that he had made in a prior ruling"), 893 F.3d at 934, it would be contrary to the spirit of the *Earley* decision to "allow[] subsequent ALJs to largely dismiss a prior ALJ's determination to the detriment of claimants . . . , as the court made clear in its decision." (ECF No. 22, PageID.1385.)

As a preliminary matter, the Court agrees with Defendant (*see* ECF No. 23, PageID.1399) that many facets of the arguments contained in this objection were already presented to, and ruled upon, by the Magistrate Judge. Plaintiff's motion for summary judgment and related reply argued that (1) *Earley* did not overturn *Drummond* in factual circumstances like those presented in *Drummond*; (2) the factual underpinnings of *Drummond* were analogous to those in Plaintiff's case, such that *Drummond* applies; and (3) allowing Plaintiff to be harmed by ignoring the res judicata principles as outlined in *Drummond* is contrary to the Sixth Circuit's intention in *Earley*. (*Compare* ECF No. 15, PageID.1309–1310, 1313–1315 and ECF No. 19, PageID.1342 *with* ECF No. 22,

PageID.1378–1379) To the extent Plaintiff's objection restates arguments already presented to the Magistrate Judge, it is improper. *Coleman-Bey*, 287 F. App'x at 422.

Nevertheless, even upon a review of the merits, the Court finds that the Magistrate Judge did not err in determining that the ALJ's decision was consistent with *Earley* because the ALJ provided a fresh look to Plaintiff's second application and in the process of doing so, found new and material evidence in support of a different RFC.

The R&R includes a recitation of numerous in-circuit cases that all stand for the proposition that, following *Earley*, res judicata does not apply to a prior ALJ's findings when the application currently under review by an ALJ pertains to a different period of time than that originally considered by the prior ALJ. (ECF No. 21, PageID.1368.) Summarizing these cases, the R&R continues: "In short, because [Plaintiff] is seeking benefits based on a new period of disability, if the ALJ in this case provided a fresh look to [Plaintiff]'s new application, rather than determining the record evidence demonstrated that he was bound by the prior RFC, [Plaintiff] is not entitled to a remand under either *Drummond* or *Earley*." (*Id.* at PageID.1368–1369.)

Such a conclusion is consistent with other decisions in this circuit. *See Johnson v. Comm'r of Soc. Sec.*, No. CV 20-11347, 2021 WL 3207055, at \*4 (E.D. Mich. July 29, 2021) ("In short, *Earley* stands for the proposition that when an ALJ evaluates a subsequent application for benefits covering a distinct period of time, the ALJ can properly consider a previous ALJ's findings and errs only when he considers the previous findings a mandatory starting point for the analysis."); *Sandersfield v. Comm'r of Soc. Sec.*, No. 20-10740, 2021 WL 3417923, at \*4 (E.D. Mich. Aug. 5, 2021) (finding remand unnecessary where an ALJ's erroneous belief that he was bound by a prior ALJ's findings unless new evidence and changes in policy supported a change in findings constituted a stricter standard that favored the plaintiff and the ALJ did in fact find new evidence supporting different findings); *Ridenour v. Comm'r of Soc. Sec.*, No. 2:20-CV-13272, 2021 WL 7448514, at \*14 (E.D. Mich. Dec. 14, 2021), *report and recommendation adopted*, No. CV 20-13272, 2022 WL 565583 (E.D. Mich. Feb. 24, 2022) ("By treating the prior ALJ's findings as controlling, the ALJ has not 'giv[en] a fresh look' to Plaintiff's condition during the time after the prior ALJ's decision.").

Despite this clear precedent, Plaintiff argues that the ALJ, and Magistrate Judge in turn, improperly weighed the evidence that related to the RFC finding because they failed to recognize any precedential value in the prior ALJ's findings. (ECF No. 22, PageID.1384–1385.) Although Plaintiff's argument here is partially unclear, it appears that Plaintiff contends that *Earley* establishes a requirement for the ALJ to not only consider the prior ALJ findings, but also to do so explicitly and offer a sufficiently detailed explanation for the rationale behind any deviation from these prior findings. (*Id.* at PageID.1384–1385, 1394.) Furthermore, implied within Plaintiff's argument is a contention that the principles of res judicata as outlined in *Drummond* operate to preclude an ALJ from rendering a new RFC determination after an initial application review in certain circumstances where a new determination would be "to the detriment of claimants[.]" (*Id.* at PageID.1385; *see also id.* at PageID.1384.) Having failed to recognize precedential value from the prior ALJ's findings in a circumstance where Plaintiff would be harmed by a new less favorable RFC determination, the argument goes, the ALJ's new RFC determination here was thus improper. (*Id.*)

11

Plaintiff does not offer any precedent in support of this contention that an ALJ *must* consider and distinguish to a set degree a prior ALJ's findings in a second application for a different time period. It is generally true that "the court may not uphold an ALJ's decision, even if there is enough evidence in the record to support it, if the decision fails to provide an accurate and logical bridge between the evidence and the result." *Pollaccia v. Comm'r of Soc. Sec.*, No. 09-CV-14438, 2011 WL 281044, at *6 (E.D. Mich. Jan. 6, 2011), *report and recommendation adopted*, No. 09-CV-14438, 2011 WL 281037 (E.D. Mich. Jan. 25, 2011) (quoting *Ramos v. Astrue*, 674 F.Supp.2d 1076, 1080 (E.D. Wisc. 2009)). But the cases cited by Plaintiff do not stand for the proposition that, under *Earley*, an ALJ decision is required to offer a certain degree of analysis bridging the prior ALJ findings with new evidence as a prerequisite to making findings that deviate from those of a prior ALJ.

For example, Plaintiff points to language from *Al Jalham v. Berryhill* to suggest that detailed analysis is required under *Earley* to justify a changed determination. (ECF No. 22, PageID.1381–1382.) However, Plaintiff fails to offer the full context of the quoted language from that case. In *Al Jalham v. Berryhill*, a prior ALJ had found that the

12

claimant required use of a cane for ambulation and included this in the claimant's RFC; a second ALJ, reviewing an application for a separate time period, did not include the cane requirement in the claimant's updated RFC. No. 18-CV-12595, 2019 WL 5558357, at *5 (E.D. Mich. Oct. 29, 2019). Upon review by the district court, the claimant admitted that there was sufficient evidence for the ALJ to find that Plaintiff did not require a cane but argued that the ALJ erred by not clearly articulating a rationale for omitting the prior ALJ's finding that the claimant needed a cane, with reference to *Pollaccia*, No. 09-CV-14438, 2011 WL 281044, at *6. No. 18-CV-12595, 2019 WL 5558357, at *5. The *Al Jalham* court first recognized that *Pollaccia* concerned a situation in which the ALJ had made a conclusory finding that the claimant's depression was not severe "without any citation to the record" despite evidence in the record supporting the opposite conclusion, and where the decision was "so devoid of reasoning . . . that the court could not determine whether or not the ALJ evaluated it at all." *Id*. Acknowledging that the ALJ reviewing the *Al Jalham* claimant's application "did not single out her decision not to include the use of a cane and explain it separately," the *Al Jalham* court nevertheless found that the ALJ properly demonstrated a logical

13

bridge between the record and her conclusion through her finding that the claimant's condition had changed since the prior decision, which was "the primary piece of evidence indicating that [the claimant] needed a cane[.]" *Id.* As a result, the *Al Jalham* court held that the ALJ's "detailed analysis of evidence showing an improvement in [the claimant's] symptoms" since the prior ALJ determination provided a "logical bridge between the record and her conclusion[,]" unlike the ALJ's error in *Pollaccia. Id.*

Notably, the *Al Jalham* court's decision did not include any reference to any separate requirement under *Earley* to articulate a rationale for changed determinations in line with *Drummond*'s principles of res judicata. Nor does Plaintiff's argument contend with the fact that the *Al Jalham* court evaluated the sufficiency of the rationale behind a changed determination from the perspective of the situation in *Pollaccia*: Specifically, the *Al Jalham* court held that the ALJ's findings were not impermissibly conclusory based on her overall discussion of the record evidence that encompassed the claimant's changed condition since the last decision. The requirement for articulating a rationale for changed determinations as proposed by Plaintiff is one based in principles of res

14

judicata as set forth in *Drummond* and *Earley*, as opposed to one based on the obligation to avoid conclusory determinations as in *Pollaccia*. But Plaintiff does not frame or develop the argument that ALJ LaRoche's determinations were conclusory; any such argument is therefore waived. *Cf. McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones.").

Plaintiff's other cited case—*Neal v. Comm'r of Soc. Sec.*—also does not support Plaintiff's argument. (ECF No. 22, PageID.1382.) In *Neal*, a subsequent ALJ's decision "overlooked" and did not mention a prior ALJ's finding regarding the claimant's predicted monthly number of absences. No. 18-10709, 2019 WL 2208555, at *10 (E.D. Mich. Jan. 31, 2019), *report and recommendation adopted*, No. 18-10709, 2019 WL 1306162 (E.D. Mich. Mar. 22, 2019). The magistrate judge rejected the claimant's contention that the subsequent ALJ was bound to the prior ALJ's finding on the predicted number of absences based on the subsequent ALJ's failure to mention the past finding in the later decision. *Id.* Because "the prior determination was not binding on subsequent periods[,]" the magistrate judge contended, the claimant's res judicata argument was

15

misplaced. *Id.*; *see also id.* ("The question, then, is whether the ALJ shuffled off the past decision, as she should, not whether she reflexively adhered to it, as she should not."). The district court adopted the magistrate judge's conclusion and similarly rejected the claimant's objection on this ground, noting that *Earley* cautioned against collateral estoppel principles in Social Security claims based on the dynamic nature of human health. No. 18-10709, 2019 WL 1306162 (E.D. Mich. Mar. 22, 2019) (citing *Earley*, 893 F.3d at 933). *Neal* thus stands for the same general principle as identified by the Magistrate Judge here: prior determinations are not binding on subsequent periods under *Drummond* and *Earley*, even if such prior determinations are not explicitly mentioned by a subsequent ALJ.

Nor does the language of *Earley* itself support Plaintiff's contention. Indeed, though Plaintiff is correct that the *Earley* court rejected the Administration's argument that the ALJ should be required to ignore earlier findings and applications upon such subsequent applications (ECF No. 22, PageID.1393–1394), Plaintiff's argument does not address the full scope of the *Earley* court's holding. *Earley* made clear that "[f]resh review is not blind review" but also underscored that "[a] later [ALJ] *may*

16

consider what an earlier judge did if for no other reason than to strive for consistent decision making." *Earley*, 893 F.3d at 934 (emphasis added). Similarly, *Earley* indicated that a later ALJ is tasked with giving a fresh look "while being *mindful* of past rulings and the record in prior proceedings." *Earley*, 893 F.3d at 931 (emphasis added). Furthermore, while Plaintiff contends that an ALJ's review of a second application "must still take into account the res judicata principles set out in *Drummond*" (ECF No. 22, PageID.1385), the *Earley* court explicitly recognized that

> [a]n [ALJ] honors those principles by considering what an earlier judge found with respect to a later application and by considering that earlier record. That is why it is fair for an administrative law judge to take the view that, absent new and additional evidence, the first [ALJ's] findings are *a legitimate, albeit not binding,* consideration in reviewing a second application.

893 F.3d at 933 (emphasis added and citations omitted).[1] *Earley* thus clarified that an ALJ reviewing a second application for a different time

---

[1] The *Al Jalham* court helpfully outlined the practical consequences of *Earley's* holding that the subsequent ALJ must determine how much weight to give the first decision:

> If the claimant's second application introduces very little or no new evidence, "[w]hat's past likely will be precedent" and the decision of the first ALJ will carry quasi-determinative weight. [*Earley*, 893 F.3d] at 933–34. If the record in front of the second ALJ contains substantial evidence that the claimant's

period is *not bound* by the prior ALJ's findings but also appears to suggest that the ALJ is *not required* to take such findings into consideration, either.

There is perhaps a separate question of whether an ALJ acts contrary to *Earley* in the situation where an ALJ did not consider a prior ALJ's determination at all, but contrary to Plaintiff's assertions (ECF No. 22, PageID.1385), that is not the case here. As noted in the R&R (ECF No. 21, PageID.1369), ALJ LaRoche recognized *Drummond*'s holding at several instances,[2] outlined ALJ Neumann's prior findings, and stated:

---

condition has changed, the second ALJ can and should make new findings based on the updated record. Those new findings will be upheld upon review if they are based on substantial evidence and pursuant to proper legal standards. *See Rogers*[ *v. Comm'r of Soc. Sec.*,] 486 F.3d [234,] 241[ (6th Cir. 2007)].

No. 18-CV-12595, 2019 WL 5558357, at *3.

[2] Plaintiff does not raise in her objections (although she did in her motion for summary judgment (ECF No. 15, PageID.1312)) that the ALJ's March 22, 2019 decision cited the standard outlined in *Drummond* and Acquiescence Ruling 98-4(6), but not *Earley*. (ECF No. 13-2, PageID.64–65.) However, the ALJ's failure to explicitly reference the *Earley* decision and its related standard does not, by itself, necessitate remand. *See*, *e.g.*, *Mitchell v. Comm'r of Social Security*, No. CV 20-13414, 2022 WL 265869, at *2 n. 3 (E.D. Mich. Jan. 28, 2022) ("[T]he Court is less concerned as to whether the ALJ merely stated the wrong legal standard, and more concerned as to whether the ALJ applied the wrong legal standard. While a post-*Earley* ALJ's recitation of the pre-*Earley* standard raises a yellow flag, it is nevertheless possible that such a post-*Earley* ALJ decision could functionally comply with *Earley* if the ALJ gave the evidence a fresh look."). Plaintiff does not dispute that the ALJ took a fresh

18

> The undersigned has considered this matter in accordance with *Drummond v. Commissioner of Social Security* and Acquiescence Ruling 98-4. The undersigned finds that new and material evidence exists pertaining to the period at issue providing [sic] a basis for finding a less restrictive [RFC]. Specifically, there is evidence that the claimant generally had negative straight leg raises, normal strength, good range of motion, and intact sensation during the period of adjudication. (B2F/6; B3F/2; B3F/19; B4F/39; B6F/12; B6F/17; B13F/61). The claimant's impairments cause less restrictive limitations than those assessed by ALJ Neumann in his September 2014 hearing decision. Therefore, the undersigned finds that significant new and material evidence exists to justify not adopting the [RFC] from the previously adjudicated period.

(ECF No. 13-2, PageID.70; *see also id.* at PageID.64–65, 69–73). In support, as the Magistrate Judge recognized (ECF No. 21, PageID.1369–1371), ALJ LaRoche also referred to (1) a new electromyography ("EMG"); (2) an updated magnetic resonance imaging ("MRI"); (3) updated treatment notes from timeframes after ALJ Neumann's decision; (4) new X-rays; (5) a later consultative examination; (6) updates regarding Plaintiff's conservative treatment; (7) an opinion of Dr. Donald Kuiper, M.D.; and (8) an opinion of Dr. Cynthia Shelby-Lane, M.D. (*Id.* at PageID.70–73.)

---

look at the new evidence (ECF No. 22, PageID.1384), and review of the ALJ's evaluation of Plaintiff's RFC confirms this (*see* ECF No. 13-2, PageID.69–73).

19

A review of this decision thus indicates ALJ LaRoche articulated a basis for finding—and the Magistrate Judge recognized ALJ LaRoche's finding (ECF No. 21, PageID.1369–1370)—that there was new and material evidence justifying a decision to not adopt the RFC from the previously adjudicated period. *Cf. Hoon v. Comm'r of Soc. Sec.*, No. 20-11169, 2021 WL 4452216, at *3 (E.D. Mich. Sept. 29, 2021) (rejecting the claimant's argument that the ALJ "failed to acknowledge and address the findings by [the prior ALJ] and failed to explain how [the claimant]'s condition had in fact improved over the subsequent years" with reference to the ALJ's decision). While Plaintiff asserts that ALJ LaRoche "did not analyze the evidence in existence at the time of the prior determination or explain how the new evidence before him differed so much from what was available at the time the previous ALJ reviewed the case[,]" Plaintiff has not articulated any precedential basis requiring the ALJ to explicitly do so—nor can the Court independently find any. (ECF No. 22, PageID.1385.) ALJ LaRoche followed the requirements of *Earley* by being mindful of the prior ALJ Neumann's determination and giving Plaintiff's evidence in support of her new claim the necessary "fresh review."

Additionally, while Plaintiff attempts to analogize her case to that of *Drummond*—characterizing both as examples of a "black swan" as mentioned in *Earley* (ECF No. 22, PageID.1378–1379, 1381)—this does not change the Court's ultimate conclusion here. For one, regardless of how factually similar Plaintiff's case is to the circumstances in *Drummond* (e.g., the allegedly short period of time between the first and second applications for benefits) (*see id*. at PageID.1379–1380), *Earley* is abundantly clear in outlining the rule that "[w]hen an individual seeks disability benefits for a distinct period of time, each application is entitled to review" and "it is fair for an [ALJ] to take the view that, absent new and additional evidence, the first [ALJ]'s findings are a legitimate, albeit not binding, consideration in reviewing a second application." 893 F.3d at 933. There is no exception to *Earley*'s rule for the "unusual situation in which the individual wanted the [ALJ] to make the same finding on one issue that he had made in a prior ruling[:]" Black swan or not, Plaintiff's case was to receive a fresh look by the ALJ and was subject to review of the new and additional evidence. *Id*. at 934.

To the extent Plaintiff argues that "the *Earley* court appeared to intend its holding to be interpreted in a way that remained

advantageous" to applicants and "to prevent courts from interpreting *Drummond* in a way that would preclude a fresh review of a new application for a new period of time 'to the misfortune of the individual seeking disability benefits[,]'" *Earley*, 893 F.3d at 934, such that this would impact the Court's determination here, this too is without merit. Indeed, Plaintiff is correct that *Earley* explicitly recognized that overstatement of *Drummond*'s principles of res judicata in situations outside of the black swan scenario would operate to the detriment of "most applicants" who generally reapply in the hopes of obtaining "a new, more favorable finding." *Id*. Plaintiff is also correct that this appeared to be a consideration in the Sixth Circuit's decision to clarify *Drummond*. *See id*. ("Cementing our conclusion is a defect that arises from a broad reading of *Drummond*—a defect that would do far more harm than good for social security applicants."). But Plaintiff inserts an idea—absent from *Earley*'s text—that a situation such as here "where the claimant's changed age category would result in her benefitting from adhering to the prior ALJ's findings[,]" is thus governed by a different standard than that articulated by the Magistrate Judge and followed by in-circuit precedent. (ECF No. 22, PageID.1381.) The cited portion of *Earley*

22

acknowledges the "defect that arises from a broad reading of *Drummond*" stems from *Drummond*'s uncommon factual situation: the black swan scenario. *Id.* From context, the *Earley* court includes this as justification for *Earley*'s clarification of *Drummond* and as explanation for how the clarified standard counteracts against a negative outcome for most applicants under a broad application of res judicata to new applications for new periods of time. This is far from outlining a separate standard to be applied to situations when the claimant wants a new ALJ to make the same determination as made previously by a prior ALJ.

Accordingly, *Earley* does not set forth a separate standard for black swan scenarios and the Magistrate Judge did not err in this regard. Plaintiff's first objection is overruled in its entirety.

### B. Objection 2

Plaintiff's second objection argues that the Magistrate Judge erred when she found that substantial evidence could support the ALJ's finding that Plaintiff retained the RFC to perform light work.[3] (ECF No. 22, PageID.1386–1393.)

---

[3] "Light work" is defined as follows: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category

Although Plaintiff generally asserts that the ALJ's finding was not supported by substantial evidence, it is necessary to break apart Plaintiff's second objection into distinct arguments. As with Plaintiff's first objection, a significant number of the arguments contained in this objection were already presented to, and ruled upon, by the Magistrate Judge. Plaintiff's motion for summary judgment and its related reply argue that (1) ALJ LaRoche failed at multiple instances to explain how Plaintiff's conditions changed from the findings found by ALJ Neumann in 2014 (*see* ECF No. 15, PageID.1316–1317; ECF No. 19, PageID.1343); (2) ALJ Neumann arrived at a different RFC finding based on similar evidence before him in 2014 (*see* ECF No. 15, PageID.1315–1316; ECF No. 19, PageID.1345); and (3) Defendant improperly relied on post hoc rationalizations to contend that there was substantial evidence supporting ALJ LaRoche's RFC finding (*see* ECF No. 19, PageID.1342–1344). To the extent Plaintiff's second objection restates arguments

---

when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

already presented to the Magistrate Judge, it is improper. *Coleman-Bey*, 287 F. App'x at 422; *see also Combs v. Commissioner of Social Security*, No. 18-CV-10930, 2019 WL 1253423 at *3 (E.D. Mich. Mar. 19, 2019) ("In general, an objection to an R&R that simply 'rehashes' the same arguments that were presented on summary judgment is insufficient.").

Again, however, review of these arguments indicates that they are nevertheless without merit. In part, Plaintiff argues that there was not substantial evidence for ALJ LaRoche's RFC finding because ALJ LaRoche did not sufficiently elaborate as to how he found improvement in Plaintiff's condition since the 2014 decision by ALJ Neumann. (*See* ECF No. 22, PageID.1386–1390, 1393.) For example, Plaintiff points to ALJ LaRoche's lack of an explanation regarding how Plaintiff's "negative straight leg raises, normal strength, good range of motion, and intact sensation" (ECF No. 13-2, PageID.70) represented an actual change from her conditions as described by ALJ Neumann in 2014. (*Compare* ECF No. 15, PageID.1315–1316, with ECF No. 22, PageID.1387–1388.) As stated previously in the analysis of Plaintiff's first objection, Plaintiff has not cited any law supporting the assertion that the ALJ was required to explicitly articulate a rationale behind deviating from the prior ALJ's

25

2014 findings, nor has the Court's own research uncovered any such authority. Nor is there any indication that failure to articulate a rationale here constitutes a lack of substantial evidence in support of the RFC assessment. Accordingly, to the extent Plaintiff argues the Magistrate Judge erred by finding there was substantial evidence in support of ALJ LaRoche's RFC finding despite a lack of explanation explicitly outlining why ALJ LaRoche deviated from ALJ Neumann's findings, this objection is without merit.[4]

Additionally, Plaintiff highlights evidence suggesting that ALJ LaRoche's RFC finding was improper because ALJ Neumann reached a different conclusion based on similar evidence before him in 2014, and

---

[4] Plaintiff's argument could plausibly be viewed as an argument implicating *Pollaccia*, No. 09-CV-14438, 2011 WL 281044, at *6, as considered in *Al Jalham*, No. 18-CV-12595, 2019 WL 5558357, at *5: were ALJ LaRoche's findings impermissibly conclusory without an explicit analytical bridge to ALJ Neumann's 2014 findings? Yet Plaintiff does not frame or develop the argument in this manner; any such argument is therefore waived. *Cf. McPherson*, 125 F.3d at 995–96. And, regardless, the Court would find such an argument to be without merit based on the persuasive reasoning set forth in *Al Jalham*. As in *Al Jalham*, ALJ LaRoche's RFC analysis included a comprehensive discussion of the record evidence that encompassed the claimant's changed condition since the last decision. ALJ LaRoche's "detailed analysis of evidence showing an improvement in [Plaintiff's] symptoms" since ALJ Neumann's determination provided a "logical bridge between the record and her conclusion[,]" unlike the ALJ's error in *Pollaccia*. No. 18-CV-12595, 2019 WL 5558357, at *5.

that it was improper because there was evidence in the record supporting a finding of greater limitations. (*Id.* at PageID.1386–1387, 1392–1393.) For example, Plaintiff highlights that ALJ found "normal findings" "such as negative straight leg raising or reduced range of motion" evidencing improvement, while "ALJ Neumann also noted how the record before him included negative straight leg raising and normal motor strength" findings but came to a different conclusion. (ECF No. 22, PageID.1387.) Similarly, Plaintiff notes that ALJ LaRoche cited records "support[ing] some findings of negative straight leg raises, normal strength, good range of motion, and intact sensation" yet "several [other] medical records during the relevant period also document abnormal findings in these areas[.]" (*Id.*)

Yet Plaintiff's argument runs contrary to this Court's deferential substantial evidence review, in which so long as "substantial evidence supports the ALJ's decision, [this Court] defer[s] to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley*, 581 F.3d 399, 406 (quoting *Key*, 109 F.3d at 273). Regardless of whether ALJ LaRoche could have arrived (and whether ALJ Neumann did arrive) at a different conclusion based on the

record, so long as there is "relevant evidence as a reasonable mind might accept as adequate to support [ALJ LaRoche's] conclusion[,]" then there is substantial evidence for that finding. *Biestek*, 139 S. Ct. at 1154. The Court must reject Plaintiff's request for the Court to reweigh the evidence based on the record evidence that supports her argument. *See Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472, 472 (6th Cir. 1982) (per curiam) ("Our task is not to reweigh the evidence. That is solely the province of the Secretary.").

Finally, Plaintiff argues that the Magistrate Judge's analysis and rationale violates the *Chenery* doctrine because it proffered a new analysis and rationale not originally offered by the ALJ. (ECF No. 22, PageID.1388–1392.) The *Chenery* doctrine stems from the Supreme Court's decision in the *Chenery I*, holding that the agency cannot offer new post hoc justifications during litigation and that a reviewing court is limited to considering only the basis for the action put forward by the agency in the rule or order at issue. *SEC v. Chenery Corp.* ("*Chenery I*"), 318 U.S. 80, 93–94 (1943). However, evaluation of Plaintiff's examples indicates that there was no improper post hoc rationale made by the Magistrate Judge here.

28

Again, as stated previously, to the extent Plaintiff contends that the Magistrate Judge erred by "accept[ing] [Defendant's] post hoc arguments" as to "whether ALJ LaRoche's medical decision sufficiently explained how the record demonstrated sufficient medical improvement to justify a finding that [Plaintiff] could walk or stand for five more hours than she could in 2014[,]" there is no error here. (ECF No. 22, PageID.1388.) For example, the Magistrate Judge referred to the May 2015 EMG and contrasted it with a physician's statement reviewed by ALJ Neumann. (ECF No. 21, PageID.1369–1370.) Plaintiff is correct that while the "ALJ referred to this EMG, he never *expressly* assessed its relevance in determining whether its findings . . . reflected a substantial improvement in [Plaintiff]'s condition since 2014" nor mentioned the aforementioned physician's statement; Defendant and the Magistrate Judge subsequently connected these EMG findings with the physician's statement. (ECF No. 22, PageID.1388–1389; *see also* ECF No. 13-2, PageID.70.)

However, all of Plaintiff's arguments in this regard are premised on the contention that ALJ LaRoche was required to articulate the reasoning behind his deviation from ALJ Neumann's findings and to

connect this rationale to both the new evidence and evidence before ALJ Neumann. Barring any precedent requiring the ALJ to explicitly articulate a rationale behind deviating from ALJ Neumann's findings—of which the Court is not aware—these purported post hoc arguments are not in fact a revised rationale for ALJ LaRoche's RFC finding because they do not constitute any alteration of the underlying findings themselves. ALJ LaRoche relied, for example, in part on the May 2015 EMG; the fact that the Magistrate Judge compared the May 2015 findings to the previous physician's statement before ALJ Neumann does not change the fact that ALJ LaRoche relied on this May 2015 EMG in the first instance. As a result, none of Plaintiff's highlighted examples of alleged post hoc analysis actually implicate the Magistrate Judge's finding that the ALJ's decision was supported by substantial evidence.

As a result, the Magistrate Judge appropriately found that ALJ LaRoche's analysis was supported by relevant evidence as a reasonable mind might accept as adequate to support the RFC finding. *Biestek*, 139 S. Ct. at 1154. As noted by Defendant (ECF No. 23, PageID.1405), the Magistrate Judge's review and reasoning generally tracked the ALJ's. *See Bibb v. Saul*, No. 2:19-CV-13428, 2021 WL 287731, at *2 (E.D. Mich.

30

Jan. 28, 2021) (finding no violation of the *Chenery* doctrine where "a comparison of the [R&R] and the ALJ's decision shows that both relied on the same medical and non-medical evidence in the record" and the Magistrate Judge "consistently referenced, cited, and included evidence to support the determinations of the ALJ in the [R&R]").

Specifically, the Magistrate Judge noted (1) the May 2015 EMG that showed no neuropathy or radiculopathy (*compare* ECF No. 13-2, PageID.70 *with* ECF No. 21, PageID.1369–1370); (2) the updated MRI demonstrating a disc protrusion "contracting the ventral spinal cord" (*compare* ECF No. 13-2, PageID.70 *with* ECF No. 21, PageID.1370); (3) the 2016 X-rays of Plaintiff's hips that demonstrated moderate hip osteoarthritis (with no fracture or dislocation) and unremarkable soft tissues as well as mild stable degenerative left hip changes (*compare* ECF No. 13-2, PageID.71 *with* ECF No. 21, PageID.1370); (4) a July 2017 consultative examination with no finding of muscle atrophy (*compare* ECF No. 13-2, PageID.71 *with* ECF No. 21, PageID.1370); (5) inconsistencies between Plaintiff's allegations and the lack of a

prescription for a cane or walker as well as her conservative treatment[5] (*compare* ECF No. 13-2, PageID.71–72 *with* ECF No. 21, PageID.1371); (6) the "great weight" afforded to the opinion of Dr. Kuiper (based on its consistency with the record) who assessed that Plaintiff could perform light work as supported by "examinations showing negative straight leg raises, normal strength, good range of motion, and intact sensation" (*compare* ECF No. 13-2, PageID.72 *with* ECF No. 21, PageID.1372); and (7) the "partial weight" afforded to the opinion of Dr. Shelby-Lane (based on the vagueness of the opinion and its failure to provide for specific workplace abilities or limitations), who found that Plaintiff was limited with regard to stooping, squatting, and climbing stairs (*compare* ECF No. 13-2, PageID.72–73 *with* ECF No. 21, PageID.1372–1373).

Therefore, the Court finds that—even without explicit comparison to the evidence before ALJ Neumann, as the Magistrate Judge included in the R&R—ALJ LaRoche's articulated reasoning supporting the finding that Plaintiff had the RFC to perform light work meets the low bar of

---

[5] However, the Court agrees with the Magistrate Judge's determination that "the ALJ erred when he failed to account for why [Plaintiff] was unable to receive the more aggressive treatment of injections" and that "this error does not warrant a remand as the ALJ's RFC is nonetheless supported by substantial evidence." (ECF No. 21, PageID.1371–1372.)

substantial evidence. *Biestek*, 139 S. Ct. at 1154. Furthermore, ALJ LaRoche properly followed the tenets of *Earley* by being mindful of the prior ALJ Neumann's determination and giving Plaintiff's evidence in support of her new claim the necessary "fresh review."

In conclusion, after a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the Magistrate Judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The ALJ's decision that Plaintiff had an RFC to perform light work is supported by substantial evidence and the Magistrate Judge did not err in upholding the ALJ's decision. Although ALJ LaRoche did not arrive at the outcome Plaintiff would have liked in his fresh look at the evidence, he did not err as a matter of law here. Accordingly, Plaintiff's objection is overruled.

## IV.   Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's R&R. (ECF No. 28.) Plaintiff's motion for summary judgment is DENIED (ECF No. 15) and Defendant's motion for summary judgment is GRANTED. (ECF No. 14.)

IT IS SO ORDERED.

Dated: March 31, 2022            s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                                    United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2022.

                                    s/William Barkholz
                                    Case Manager